FILED

14 FEB -6 PM 2:49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEVY, an individual, | CASE NO. 13-CV-2567-BEN (KSC) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| vs. | [Docket No. 2] |
| THE CITY OF SAN DIEGO, a public entity; KERRY MENSOIR, an individual; C. DAVIS, an individual; J. GUSTAFSON, an individiual; H. OLIVER, an individual; and DOES 1-15, inclusive, | |
| Defendants. | |

Before this Court is Defendant City of San Diego's Motion to Dismiss. (Docket No. 2). For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

On May 28, 2013, Plaintiff filed an action in state court against the above-named defendants pursuant to 42 U.S.C. § 1983, the California constitution, and the California Government Tort Claims Act. This action was removed to this Court on October 24, 2013. (Docket No. 1).

A. Events Giving Rise to the Action

Plaintiff's Complaint reveals that his claims stem from an incident on the morning of July 8, 2012. (Compl.) As stated by Plaintiff, Plaintiff was approached by Defendant Officer Mensoir of the San Diego Police Department as he was returning to

his vehicle after stopping at a 7-Eleven. The officer asked him for his license and registration, and questioned him about wire cutters in the front seat. Levy informed him that he used the cutters to repair one of his company trucks, but the officer continued to demand information and asked Levy about a smell coming from the vehicle. Mensoir raised the cutters in the air and yelled at him to explain why they were in the car. Levy became concerned by the "irrational behavior and apparent intent to incriminate Levy." (*Id.* ¶ 23). Levy refused to answer questions and said he wanted to speak to a lawyer. Levy was told he did not need and could not have a lawyer because he was not under arrest. Mensoir asked to search the vehicle, but Levy declined to have himself or his vehicle searched. Mensoir "became enraged" and placed him in handcuffs, saying he would not act that way if he had not done anything wrong. (*Id.* ¶ 26).

Mensoir called Defendants Davis and Gustafson, and the officers and a K-9 dog searched the entire vehicle, including closed compartments and the trunk. Levy saw one of his employees getting gas next door, and asked the officers to speak to him to corroborate the story about fixing the truck. The officers spoke to the employee, but Levy was nonetheless arrested. After an hour in the back of the car, sobriety tests were performed on Levy. Levy passed all sobriety tests. The officers asked about his rapid pulse, and Levy said he was upset and embarrassed. Mensoir claimed to see a yellow substance on his nose and tongue, and a straw with the substance, but the straw was lost and Levy claims there was no substance. Levy's car was impounded, and he was not given a chance to make alternative arrangements for the car. Levy claims he was held for seventeen hours. Levy was charged with being under the influence of a controlled substance and possession of burglary tools. He was never prosecuted, and the charges were dismissed.

B. <u>Levy's Claim Filed with the City of San Diego</u>

Levy's attorney filed a claim with the City of San Diego on his behalf, signed on November 19, 2012. (Claim Against the City of San Diego). The claim appears to

have been completed on a standard form. In the section for "Circumstances Giving Rise to the Claim," Levy stated the date, time, and place of the events. (*Id.*) On the two lines given for "Other circumstances of the occurrence or transaction giving rise to the claim," Levy stated that: "I was falsely arrested, detained for over 6 hours, booked into county jail and my car was impounded. The DA has refused to file charges against me." (*Id.* at 2). In the third section for "Description of Claim," Levy stated the "General description of the indebtedness, obligation, injury, damage or loss incurred" as: "Violation of civil rights, violation of due process, violation of 5th amendment rights, lost wages, attorneys fees, consequential damages, fines, towing fees, emotional distress, and pain and suffering." (*Id.*) When asked for the names of the public employees involved, if known, Levy listed the four individual defendants and "Does 1-15, inclusive." (*Id.*) In the damages section, he indicated that he was claiming more than $10,000 in damages, and that it would not be a limited civil case. (*Id.*) He listed no additional witnesses beyond the four named defendants and "Does 1-15." (*Id.*) Levy attached a separate sheet itemizing his damages, including $250,000 for emotional distress and $250,000 for pain and suffering. Levy also attached a report from the Office of the District Attorney stating that the no formal charges have been filed because the case was reviewed and rejected. According to "Attachment A" of the claim, an arrest report was also included.

The claim was denied by the City on February 4, 2013.

C. Levy's Court Complaint

Levy states a variety of claims in his Complaint, including violation of his right to be free from unreasonable searches and seizures and/or arbitrary force, violation of his right to due process and equal protection of the laws, false imprisonment, negligence and negligent infliction of emotional distress, false arrest, conspiracy to violate civil rights, deprivation of rights under 1983, misrepresentation in police reports, and intentional infliction of emotional distress.

Defendants filed their Motion to Dismiss on October 30, 2913. Defendants ask

that this Court dismiss certain causes of action on the basis that they were not properly included in a timely claim to the City of San Diego.

## LEGAL STANDARD

A. Standard for a Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

B. Claim Requirement

Under California Government Code § 945.4, a plaintiff is required to present a claim to a public entity before it may bring a tort action against it. A plaintiff may only file a lawsuit after the claim has been denied. California Government Code § 910 requires that the claim describe the "date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted," and provide a "general description" of the injuries and the names of the public employees who caused them.

The purpose of claim filing requirements in the Government Code is to give the public entity an opportunity to investigate and negotiate settlement of claims. *Eaton v. Ventura Port Dist.*, 45 Cal. App. 3d 862, 867 (2d Dist. 1975) (citations omitted). "There must be compliance with the requirements of the statute which will permit the government to make a meaningful decision in allowing or disallowing the claim." *Id.* The statute is not intended to prevent surprise, and the claims statute must be satisfied even if the public entity has actual knowledge of the circumstances surrounding the claim. *Shelton v. Super. Ct.*, 56 Cal. App. 3d 66, 82 (1st Dist. 1976) (citations omitted).

If a plaintiff relied on multiple theories of recovery, each cause of action must have been reflected in a timely claim. *Nelson v. State of Cal.*, 139 Cal. App. 3d 72, 79 (4th Dist. 1982). The factual circumstances in the written claim must correspond with the facts alleged in the complaint. *Id.* If a complaint alleges a factual basis for recovery which is not "fairly reflected" in the written claim, the complaint is vulnerable to a demurrer. *Id.* (citations omitted). A theory of recovery that is not included in the claim cannot be maintained. *Shoemaker v. Myers*, 2 Cal. App. 4th 1407, 1426 (3d Dist. 1992). The circumstances described in a claim must substantially correspond with the causes of action pled, but the claim need not conform to pleading standards. *Id.*

California courts have rejected causes of action where the cause of action was not sufficiently reflected in the claim. *Fall River Joint Unified Sch. Dist. v. Super. Ct.*, 206 Cal. App. 3d 431, 434-35 (3d Dist. 1988) (claim that door was in dangerous and defective condition did not permit a cause of action based on a failure to supervise that allowed plaintiff to fall and catch his head between door and doorjamb). *Lopez v. S. Cal. Permanente Medical Gp.*, 115 Cal. App. 3d 673, 676-77 (2d Dist. 1981) (where plaintiffs filed claim based on negligent issuance of driver's license to epileptic driver, they could not amend complaint to allege failure to revoke or suspend license despite noncompliance with accident reporting and financial responsibility requirements); *Shelton*, 56 Cal. App. 3d at 82-83 (where husband and wife filed claims with state listing physical injury and emotional distress but did not list any injury or damages suffered by reason of injury to the other, they could not allege damages for loss of consortium); *Connelly v. State of Cal.*, 3 Cal. App. 3d 744, 752-53 (5th Dist. 1970) (plaintiff's claim that he was negligently provided inaccurate information about anticipated rise in a river did not permit cause of action based on negligent operation of dams). *But see Blair v. Super. Ct.*, 218 Cal. App. 3d 221, 223-24, 226 (3d Dist. 1990) (where claim alleged negligent construction and maintenance of the highway surface, and specifically mentioned a failure to sand it to prevent icing, the plaintiff could allege a failure to provide warning signs and a guard rail).

## DISCUSSION

Review of the claim demonstrates that Levy states in a written attachment that he included a copy of a report from the District Attorney's Office and a copy of the arrest report with his claim. (Claim, Attach. A). The City of San Diego included the District Attorney's report in its filing, but did not attach the arrest report.

This Court ordered the City to explain the absence of the arrest report. (Docket No. 7). The City responded by stating that neither the report from the Office of the District Attorney nor the arrest report was intended to be attached to the Motion. (Docket No. 8). The City did not attach a copy of the arrest report to its response to this Court's Order.

The City justified this response by arguing that this Court should not consider the report from the DA or the arrest report in deciding this motion. The City claims that "they do not contain any relevant information to the issue of whether or not Plaintiff fairly reflected his theories of recovery against the City on the claim form." (*Id.* at 2). The City argues that the report is merely hearsay from the officer, and does not contain information from Plaintiff as to what theories of recovery he asserts. (*Id.*) It emphasizes that it is Plaintiff's burden to tell the City what claims he is making against the City, and that the City should not have to assume and speculate about his theories of recovery. (*Id.*)

This Court disagrees. Plaintiff included the report as part of the paperwork he submitted in making his claim. The report contains only a small space on the form to provide details, and directs the claimant to: "Please attach and/or provide any additional information that may be helpful in considering your claim including proof of damages such as invoices, receipts, and estimates." (Claim at 2). In determining what claims to investigate and attempt to settle, the City had the report. In conducting an inquiry regarding whether the claimant sufficiently stated a theory of recovery in his claim, a Court must consider the entire claim document, including the attachments.

Under limited circumstances, an attached report may make clear to the entity that

it should investigate a theory of recovery and consider settlement. This is not to say that an entity must mine the factual circumstances alleged for every possible theory of recovery that might be alleged based on those facts. However, where a report gives an entity enough information that a theory of recovery was being alleged to allow the entity to investigate the claim, the claim requirement might be satisfied. For example, where an arrest report described a serious physical altercation, discussed protests or complaints by the arestee regarding certain conduct, or admitted to illegal conduct, that report might be enough to satisfy the claim requirement, when read in conjunction with statements on the claim form.

The result does not change because the report contains hearsay from the officer. The report is not important because it is accurate, reliable, or admissible. Rather, it is relevant because the claimant attached it as part of his claim, and it is possible that the report made clear to the City that the claimant asserted a particular theory of recovery.

Given the City's decision not to provide this Court with a copy of the arrest report, this Court cannot say what theories of recovery are fairly reflected in the claim. The City asks this Court to dismiss causes of action on the basis that Plaintiff did not state them in his claim, while simultaneously refusing to provide this Court with the complete claim. The City was given an opportunity to provide the complete claim, and has not provided a sufficient basis for its refusal. As the Plaintiff has properly pleaded that he filed timely administrative claims, this Court will not assume that the claim is insufficient based on Defendant's willfully incomplete evidence.

## CONCLUSION

In accordance with the foregoing, the City's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

Date: February 6, 2014

HON. ROGER T. BENITEZ
United States District Judge